## CITY OF CANTON, S. D., v. TINAN.
### No. 11323.

Circuit Court of Appeals, Eighth Circuit.
June 26, 1939.

Alan Bogue, of Parker, S. D., and Harold Bogue, of Canton, S. D. (Harrison J. Brown, of Canton, S. D., on the brief), for appellant.

Frank Wickhem, of Sioux Falls, S. D., for appellee.

Before GARDNER and WOODROUGH, Circuit Judges, and OTIS, District Judge.

WOODROUGH, Circuit Judge.

The receiver of the First National Bank of Canton holds certain special assessment paving bonds issued by the City of Canton, South Dakota, to the contractor who laid the paving in Street Paving District Number 9. There were defaults in payment of principal and interest due, and the receiver brought this civil action against the city, claiming that the city had failed to have the delinquencies which occurred in the collection of the assessments for the improvement certified as required by law, and that by reason of such failure of certification and the consequent failure to sell the subject property at tax sales, the city had become liable for the amount of the bonds with interest. There was a stipulation of all facts except as to one issue upon which certain entries in the minute book of the bank, admitted to be authentic, were received in evidence. A jury having been waived, findings of fact and conclusions of

law were made by the court and judgment was entered against the city for the amount of the bonds with interest. It was the opinion of the trial court that the facts presented brought the case within the law of South Dakota as applied by this court in the case of City of McLaughlin v. Turgeon, 8 Cir., 75 F.2d 402. The City of Canton has appealed.

After finding the jurisdictional facts and that the special assessment bonds had been issued and were held by the plaintiff as alleged, the court found, among other things:

"That according to the terms and conditions of each of said bonds, the Defendant, City of Canton, did acknowledge itself indebted and, for value, promised to pay to the bearer of said bonds, or either of them, the principal amount of said bonds on the due date stated, and with interest on said principal sum at six per cent (6%) per annum from date until paid, payable semi-annually.

"That said bonds were issued by the said City of Canton in lieu of assessment certificates in accordance with the statutes thereto pertaining and for the purpose of paying the cost of certain improvements, to-wit, paving in the said City of Canton; that proceedings necessary to be had and taken for the purpose of paying the cost of said paving, included the establishment of a paving district, to-wit, Paving District No. 9, the determination of the necessity of such improvement, the adoption of plans and specifications therefor, the apportionment of benefits, the letting of contracts, and the levying of assessments were duly taken by the Defendant, the City of Canton, in pursuance of ordinances, resolutions and notices duly adopted and given.

"That for the purpose of paying the cost of said improvements and providing a fund from which the bonds so issued might be paid as said bonds become due, the Defendant, City of Canton, levied a special assessment against all of the property located in said paving district No. 9 benefited by the said improvements, and further provided by ordinances that the assessments made and levied against the property so benefited should be divided into ten equal annual installments, and that the first installment should become due and payable upon the filing of a certified copy of the assessment roll with the City Treasurer and subsequent installments to become due and payable, one (1), two (2), three (3), four (4),

five (5), six (6), seven (7), eight (8), nine (9) years from the date of such filing, with interest at the rate of six per cent (6%) per annum, payable annually, on the whole sum from time to time unpaid. A certified copy of such assessment roll in said paving district No. 9 was filed with the City Treasurer of said Defendant, City of Canton, upon the 12th day of November, 1929.

"That the First National Bank of Canton purchased for value, prior to the date that the said bonds, or any of them, became due, the following bonds described in Paragraph 5, to-wit: Bond Nos. 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 37 and 38, which said bonds are in the amounts and due as set out in said Paragraph 5 hereinbefore; that of said bonds the following, to-wit: Bond Nos. 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, are past due; that interest on all of the said bonds mentioned in this paragraph from the 12th day of May, 1934, to the date of the said Complaint are past due and unpaid.

"That at the time of the issuance and sale of the said bonds, and as a part of the provisions and conditions thereof, the Defendant, City of Canton, represented and agreed that all acts, conditions and things required by the laws and the constitution of the State of South Dakota to be performed in the premises, to happen and exist precedent to and in the levy of said special assessments and the issuance of said bonds had been properly done and performed in regular and due form, manner and time as required by law, and that special assessments against the property benefited to pay the costs of such paving improvements in said Paving District No. 9 had been legally made and were by ordinance divided into ten equal installments, and that the amount of said special assessments was sufficient to pay the principal and interest on said bonds when and as they became due, and the said City of Canton further pledged all amounts collected from such special assessments for the punctual payment of said principal and interest of said bonds, and the said City of Canton would further irrevocably pledge the faith and credit of said City of Canton to cause the special assessments for the total cost of the improvement on account of which said bonds were issued to be collected and paid into a fund to be used solely for the payment and retirement of said bonds.

"That the installments for a number of such special assessments within said Paving District No. 9 became delinquent in the year 1930; that additional installments of such special assessments became delinquent in the year 1931; that additional installments of such special assessments became delinquent in the year 1932; that additional installments of such special assessments became delinquent in the year 1933; that additional installments of such special assessments became delinquent in the year 1934, and in each succeeding year thereafter up to and including the year 1936; that no certificate of such delinquent assessments was made by the City Auditor of the City of Canton to the County Auditor of the County of Lincoln and State of South Dakota in the years 1930, 1931, 1932 or 1933. A certificate of delinquent assessments was made by the said City Auditor of the said City of Canton to the County Auditor of the County of Lincoln on the 13th day of October, 1934, which said certificate included all prior delinquent assessments, and included installments in many instances which had been delinquent for several years prior to the 1st day of October, 1934, and included interest to the 1st day of October, 1934. On the 1st day of October, 1935, a certificate of delinquent assessments was filed by the said City Auditor of said City of Canton in the office of the County Auditor of Lincoln County. Said certificate included interest to the 1st day of October, 1935, and on October 1, 1936, a certificate of delinquent assessments was filed in the office of the County Auditor of Lincoln County by the City Auditor of the City of Canton, which said certificate included interest to the 1st day of October, 1936.

"That plaintiff duly made demand at the place specified in said bonds upon the said City of Canton for the payment of each of said bonds referred to, and for the payment of delinquent interest as set out in Paragraph 8 hereinbefore, and that the said Defendant has failed and refused to pay any part thereof."

The appellant has not assigned error as to any of the findings of fact made by the court, but has contended that the facts should be differentiated from those upon which our decision turned in City of McLaughlin v. Turgeon, supra, "unless this court should now take a different view of the McLaughlin case". It is presented that since our decision the Court of Appeals

of the Tenth Circuit has handed down Gray v. City of Santa Fe, 89 F.2d 406, and the opinion is largely quoted from to induce the reconsideration suggested. Examination of the opinion in the Tenth Circuit case has not persuaded us that that court declared the law in conflict with the McLaughlin case. On the contrary, it recognized certain controlling differences in the facts of the case before it for decision. The court's comment concerning the right the security holder had to resort to mandamus against the officials derelict in their duty is particularly stressed by appellant. But this court also gave full consideration to the relevancy of such right of mandamus and concluded that the existence of the right was no bar to the recovery allowed upon the facts presented.

The judgment of the trial court is in accord with City of McLaughlin v. Turgeon, from which we do not recede.

Affirmed.